**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BARITA LUMBAN TOBING, | No. 08-70039 |
| Petitioner, | Agency No. A095-630-004 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2010[**]

Before:      TASHIMA, BERZON, and CLIFTON, Circuit Judges.

Barita Lumban Tobing, a native and citizen of Indonesia, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision ("IJ") denying his application for withholding of

removal and protection under the Convention Against Torture ("CAT").  We have

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings and review de novo legal determinations. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny in part and grant in part the petition for review, and we remand.

The IJ denied Tobing's asylum claim as time-barred. Tobing does not challenge this dispositive finding in his opening brief.

Substantial evidence supports the agency's denial of Tobing's claim for CAT relief because he failed to show it is more likely than not he will be tortured if returned to Indonesia. *See Wakkary*, 558 F.3d at 1068.

Substantial evidence also supports the IJ's finding that the incidents Tobing suffered in school and the problems he had with his business partner did not rise to the level of persecution. *See id.* at 1059-60. In addition, the record does not compel the conclusion that Tobing has established a pattern or practice of persecution of Christians in Indonesia. *See id.* at 1060-62. However, in denying Tobing's withholding of removal claim, the agency did not apply the disfavored group analysis. Because the agency did not have the benefit of our intervening decision in *Tampubolon v. Holder*, 610 F. 3d 1056, 1062 (9th Cir. 2010), we remand for the agency to assess Tobing's withholding of removal claim under the

disfavored group analysis in the first instance.  *See Wakkary*, 558 F.3d at 1067, *see also INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**

08-70039